# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE L. MARSHALL, | ) |
| Plaintiff, | ) Case No. 2:15-cv-01090-JCM-CWH |
| vs. | ) **REPORT & RECOMMENDATION** |
| JAMES G. COX, et al., | ) |
| Defendants. | ) |

    The parties are familiar with the facts of this case and the Court will repeat them here only as necessary. On February 29, 2016, the Court referred this case to the Inmate Early Mediation Program and ordered the parties to participate in a mediation scheduled for April 1, 2016, at 1:00 p.m. (Order (ECF No. 7).) The order scheduling the mediation explicitly stated that "[a]ll persons attending the mediation conference are required to be present for the entire conference. Any request to be excused from attending the mediation conference must be made in writing to the Court at least one week prior to the mediation conference. Such requests must be filed with the Clerk of Court." (*Id.* at 2.) Plaintiff George L. Marshall did not file a written request to be excused from the mediation, and he failed to appear at the mediation on April 1, 2016. (*See* Mins. of Proceedings (ECF No. 8).) On April 19, 2016, the Court held a show cause hearing regarding Plaintiff's failure to appear, which Plaintiff attended, and ordered that the mediation would be rescheduled. (*See* Mins. of Proceedings (ECF No. 11).)

    The Court rescheduled the mediation for May 23, 2016. (Order (ECF No. 14).) Once again, Plaintiff failed to appear at the mediation, and he did not file a written request to be excused from the mediation. (Mins. of Proceedings (ECF No. 15).) Given Plaintiff's second failure to appear at the mediation, the Court issued another order to show cause requiring Plaintiff to appear

before the Court on July 28, 2016, to explain his failure to comply with the Court's orders. (Order to Show Cause (ECF No. 16).) The Court explicitly warned Plaintiff that failure to appear at the show cause hearing would result in a recommendation that his case be dismissed. (*Id.*)

Plaintiff failed to appear at the show cause hearing on July 28, 2016. (Mins. of Proceedings (ECF No. 17).) At the show cause hearing, the Court ordered that Plaintiff must pay to Defendants $150.00 in attorney's fees in light of Plaintiff's failure to attend second mediation that was scheduled for July 8, 2016. (*Id.*) The Court stated, however, that it would vacate its award of attorney's fees if the United States district judge assigned to this case affirms the undersigned's recommendation that this case be dismissed as a sanction for Plaintiff's repeated failure to comply with the Court's orders. (*Id.*)

The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The rules provide several mechanisms that allow courts to accomplish this goal through the use of sanctions against parties that fail to comply with court orders or that unnecessarily multiply proceedings. Federal Rule of Civil Procedure 16 is the central pretrial rule that authorizes courts to manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Specifically, Rule 16(f) "puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id.* Rule16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

Here, given Plaintiff's repeated failures to attend the Court-ordered mediations and his failure to attend the show cause hearing, the Court will recommend that Plaintiff's case be dismissed.

IT IS THEREFORE RECOMMENDED that Plaintiff George L. Marshall's case be dismissed, with prejudice.

/ / /

**NOTICE**

This Report and Recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 28, 2016.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**